NATIONAL MUTUAL BUILDING & LOAN ASSOCIATION OF NEW YORK *v.* GEORGE R. FARNHAM, EXECUTOR.

INTEREST AND USURY. *Foreign corporation. Conflict of laws.*

> Where a foreign building association has no general agency in this state, but does business through special agents in various towns in the state, who are authorized to solicit stock subscriptions and receive applications for loans, together with payments of dues, interest and premiums on loans, and the certificates evidencing its contract with a borrowing stockholder provides that payments should be made at its principal office, unless "the stockholder received official notice in writing from the association designating a depository or collection agent to whom to make payments," and the association fixes a place of payment in the state, establishing there its local board and constituting the secretary and treasurer thereof, by official notice in writing or print, its agent to receive payments, of which fact the stockholder was necessarily apprised as often as he made his monthly payments, the contract became payable in this state and subject to the laws thereof against usury.

FROM the chancery court of Warren county.

HON. W. C. MARTIN, Chancellor.

The appellee, Farnham, executor, was complainant and the appellant building association defendant in the court below.

This suit was brought to recover the sum of $1,966 paid by complainant's testator as usurious interest on money borrowed on his shares of stock in said association. Some of the assets of the association were attached. Defendant answered the bill,

setting out the contract in full, denying that the contract was usurious and the allegation in the bill alleging that defendant was conducting its business in Mississippi, and setting up that the contract was a New York contract, and not in violation of the laws of that state, which were set out. The answer further set up that at the time the contract was entered into there had been no decision of the supreme court indicating that such a contract was against the public policy of this state, and usurious, and that the decisions declaring such contracts usurious had been rendered since this contract was made, and the application of that principle to this contract in construing it was therefore contrary to the provisions of sec. 10, art. 1, const. U. S.    The evidence shows that the defendant company ·is a New York corporation, and doing a building and loan association business lending money to its shareholders only; that it had no office or general agent in Mississippi, but had special agents in Meridian, Miss., and elsewhere in the state, with power and authority to solicit subscriptions for stock, and to receive payments of dues, interest, and premiums, to receive applications for loans, with instructions to remit the money collected to the home office, but had no authority to issue stock or to grant loans.    The secretary and treasurer of its local board, established at Meridian, had official notice in writing or print that he was authorized to receive · such payments, and on his authority so to do stockholders relied in making their monthly payments.    The particular clause of the contract on which the decision rests is quoted in the opinion.

There was a decree rendered in favor of complainant for the amount of interest that had been paid on the loan, with six per centum interest.    From that decree defendant appeals.


*A. S. Bozeman* and *J. S. Sexton*, for appellant.

This case is distinguishable from those relied upon by the appellee in that the questions arising under the constitution of the United States are properly presented by the pleadings, and

also in that there is here no evidence whatever of an intent to evade the usury laws of this state. The facts of the case make it quite clear that the contract to pay was to be performed in New York, and it is therefore, governed by the laws of that state.

We submit that the appellant, a New York corporation, and the original borrower [McBryde] a resident citizen of Mississippi, had the right under the Fourteenth Amendment to the Constitution of the United States to make this contract, which is valid under the laws of New York, and that for the courts of Mississippi to hold the contract usurious and not enforceable is to deprive the appellent, without due process of law, and in violation of sec. 1 of the Fourteenth Amendment to the Constitution of the United States, of the liberty to contract guaranteed to it by said amendment, as we have specifically set out in the second and seventh assignments of errors inclusive. *Allgeyer* v. *Louisiana*, 165 U. S., 578; *Eastern B. & L. Ass'n* v. *Bedford*, 88 Fed., 7.

We also submit that under sec. 1 of art. 4 of the constitution of the United States, it was the duty of the lower court to construe the contract in question, between appellant, a New York corporation, and its shareholder in accordance with the laws of New York of 1851, and 1875 (set out in the pleadings, and of which the court takes judicial cognizance, and under which appellant exists and was incorporated) and the articles of association of appellant (which are in evidence), and the decision of the supreme court of New York in *Association* v. *Reed*, 93 N. Y., 474; and *Eagle S. & L. Co.* v. *Samuels*, 60 N. Y. Sup. 91, holding contracts like this valid, and that the decree of the lower court holding the contract to be usurious was in violation of sec. 1 of art. 4 of the constitution as set out in the eighth assignment of errors. *Reefe* v. *Remdle*, 103 U. S., 222; *Canada Southern Ry.* v. *Gebhard*, 109 South., 527.

*Magruder, Bryson & Dabney*, for appellee.

1. This court has already condemned as usurious the like con-

tracts of the identical association here appearing as appellant in the following cases: *Association* v. *Wilson*, 78 Miss., 883; *Association* v. *Pinkston*, 79 *Ib.*, 457; *Association* v. *Brahan*, 80 *Ib.*, 407.

2. In view of the facts it is entirely clear that under the clause in the stock certificate providing that payments should be made at the association's principal office, unless official notice should be given to the contrary, and a depository or collection agent should be designated to whom payments should be made, the contract became payable in Mississippi and subject to its usury laws.

WHITFIED, C. J., delivered the opinion of the court.

This case is controlled by the opinion in the case of this same association against Brahan (80 Miss., 407, 31 South., 840). In addition to the reasons therein set forth, however, there is another ground upon which this case and that one can both be rested. In the tenth paragraph of the certificate of stock— the same here as in the Brahan case, the certificate in both cases being those of this same association—it is expressly provided that "all payments due by reason of 'this contract must be paid at the principal office, unless the stockholder received official notice in writing from the association designating a depository or collection agent to whom to make payments." Now, the stock certificate is the basis of the contract, and, together with the bond or note and the mortgage, constitute the contract between appellant and appellee. The association did fix a new place of payment—Meridian, Miss., did establish there its local board, with a full corps of officers; did constitute one of these officers the secretary and treasurer of the local board its agent to receive payments at Meridian, however Gibson may try to escape from the plain facts; and that official did have official notice in writing or print that he could receive payments at Meridian in the form of a register containing the names of all stockholders, including borrowers, with the sev-

eral amounts due by each; and did have also a letter of instructions as to his duties in making such collections. Of course, each borrower was necessarily apprised of this authority vested in this agent to receive payments at Meridian, Miss., as often as he made payments, which was every month, and the provision in the stock certificate providing for a place of payment other than the home office was thus carried out to the very letter, and the contract became and was payable in the state of Mississippi. All the payments were actually made at Meridian, Miss., to the local agent of the association—the place and agent designated by the association—in pursuance of this tenth paragraph of the stock certificate; and it is hence perfectly plain that the payments were made and received at Meridian by the said local agent in strict accordance with the express terms of the contract itself. How worse than idle, in view of this tenth paragraph, and the evidence in this case, become all Gibson's labored efforts to explain away the meaning of the written contract, and the plain effect of the evidence showing what was actually done. Gibson is forced himself to admit that the association permitted the payments to be made at Meridian, but very disingenuously attempts to show that this was done for "convenience," instead of—as was the plain fact—under and in pursuance of this paragraph ten of the stock certificate.

*Affirmed.*